```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    UNITED STATES OF AMERICA              :
                                          :    MEMORANDUM DECISION
            - against -                   :
                                          :    22-cr-522 (BMC)
                                          :
    DIANA COAXUM,                         :
                                          :
                            Defendant.    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on defendant's pre-sentence challenge to her proposed Guidelines calculation as set forth in her plea agreement and the Probation Department's Presentence Investigation Report. Defendant pled guilty to theft of government funds in violation of 18 U.S.C. § 641. She was a United States Postal Service (USPS) sales and service associate. One of her duties was to assist postal customers cash checks made out to them by the United States Department of Treasury (U.S. Treasury). Defendant obtained and opened mail from the U.S. Treasury containing these checks, cashed the checks, and stole the proceeds. These checks provided, among other things, economic impact payments, social security payments, disability benefits, tax refunds, and childcare tax credits. There are no reports that defendant converted other types of checks or any other types of financial instruments that are sent through the mail although she had the same access to them.

Her plea agreement included a non-binding Guidelines estimate of adjusted offense level 19, Criminal History Category I, and a resultant sentencing range of 30 to 37 months. That included two 2-point enhancements under U.S.S.G. §§ 3A1.1(b)(1) (vulnerable victim) and (b)(2) (large number of vulnerable victims).

The Presentence Investigation Report, however, proposed an additional 2-point enhancement under § 2B1.1(b)(2)(A)(i) (10 or more victims). As to that issue, I am going to adhere to the parties' plea agreement because I think two enhancements based on the number of victims would be double counting.

The remaining issue is therefore the two vulnerable victim enhancements under § 3A1.1(b). Application of these enhancements has the effect of disqualifying defendant from being eligible for a 2-point reduction as a Zero-Point Offender pursuant to U.S.S.G. § 4C1.1(a)(9). Defendant contends that the vulnerable victim enhancements are inapplicable because she did not target those victims; rather, they just happened to be part of the general class of victims that she did target.

To apply the vulnerable victim enhancement in U.S.S.G. § 3A1.1(b), "[t]he vulnerability [of the victim] 'must bear some nexus to the criminal conduct' and 'the defendant generally must have singled out the vulnerable victims from a larger class of potential victims.'" United States v. Kerley, 544 F.3d 172, 180 (2d Cir. 2008) (quoting United States v. McCall, 174 F.3d 47, 50 (2d Cir. 1998)). However, the enhancement "does not require that the defendant select the victim *because* of his or her vulnerability – it is sufficient that he knew or should have known of this quality when deciding to go ahead with the crime." McCall, 174 F.3d at 50 (citation omitted) (emphasis added). Typically, "broad generalizations about victims based upon their membership in a class are disfavored where a very substantial portion of the class is not in fact particularly vulnerable to the crime in question," but class membership can "support the enhancement" when "the criminal shapes the nature of the crime . . . to target a class of victims that are virtually all particularly vulnerable to that crime." Id. at 50-51.

The vulnerable victim enhancement applies here. In terms of the nexus between the vulnerability of the victims and defendant's conduct, defendant cashed and stole the proceeds of checks issued to individuals by the U.S. Treasury. The intended recipients of the checks were individuals receiving Government aid; defendant's theft of such aid establishes a nexus between her crime and the financial vulnerability of many of her victims.

Lots of checks and financial instruments pass through the mail, e.g., insurance company checks, retail purchase refunds, personal checks, gifts, and numerous others, but plaintiff did not target any of those. That is the "larger class of potential victims" from which defendant singled out her victims. Kerley, 544 F.3d at 180 (quoting McCall, 174 F.3d at 50). Had defendant stolen personal checks or credit cards sent through the mail, her crime would not have "singled out . . . vulnerable victims from a larger class of potential victims." McCall, 174 F.3d at 50. Instead, the checks she went after included economic impact payments, social security payments, disability benefits, tax refunds, and childcare tax credits.

Although defendant did not steal these checks *because* they belonged to vulnerable victims, her crime still targeted such victims. In stealing U.S. Treasury checks, defendant knew or should have known that her crime would impact a substantial number of individuals who rely on Government benefits. The fact that some of defendant's victims were not vulnerable does not change this analysis. Cf. United States v. Ingram, 490 F. App'x 363, 365 (2d Cir. 2012) (the fact that victim was not vulnerable the first time defendant harmed her did not negate application of the vulnerable victim enhancement because she was a vulnerable victim during defendant's subsequent criminal acts against her).

This analysis is not the sort of broad generalization about victims based on their membership in a class that cannot support a finding that the vulnerable victim enhancement

applies. Defendant "shape[d] the nature of the crime . . . to target a class of victims that are virtually all particularly vulnerable to that crime." McCall, 174 F.3d at 51. She chose to steal the proceeds of specific checks: those belonging to Government aid recipients, inherently vulnerable in their reliance on that assistance.

The Court will therefore apply the vulnerable victim enhancements as set forth in the parties' plea agreement.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       November 20, 2024

4